UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TONY L. MUTSCHLER,              :
                                :
        Petitioner              :
                                :
    v.                          : CIVIL NO. 3:CV-15-0472
                                :
BRENDA L. TRITT, et al.,        : (Judge Kosik)
                                :
        Respondents             :

**MEMORANDUM**

Petitioner, Tony L. Mutschler, an inmate incarcerated at the State Correctional Institution at Frackville, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 on March 10, 2015. Along with the petition, he has filed a request to proceed in forma pauperis in this matter. (Doc. 2.) In the petition, he challenges his 1999 conviction and sentence in the Court of Common Pleas of Northumberland County, Pennsylvania. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On May 13, 2015, the parties were notified that the

petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations.  Petitioner was also afforded the opportunity to file a reply.  (Doc. 5).  Respondents filed an answer addressing the timeliness of the petition on June 8, 2015.  (Doc. 8.)  Petitioner has submitted a traverse.[1]  (Doc. 11.)  The matter is now ripe for consideration and, for the reasons set forth below, the habeas petition will be dismissed as untimely.

**I.    Background**

Petitioner was charged in three criminal actions with crimes occurring on March 8, 1998, in Allentown, Pennsylvania.  In criminal action number 948-1998, he was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor after forcibly entering and ransacking a church in Allentown.  At criminal action number 949-1998, he was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor in connection with a break-in at a storage facility.  At criminal action number 950-1998, he was charged with burglary, conspiracy, trespass, theft, criminal mischief, receiving stolen property, and the

---

[1] In his traverse, Petitioner initially argues that Respondents' answer to the Show Cause order is untimely.  He claims that it was due to be filed within fourteen (14) days of the court's May 13, 2015 order.  (Doc. 11 at 1.)  Petitioner is mistaken.  The court specifically directed a response addressing the timeliness of the habeas petition to be filed within twenty-one (21) days of the court's order.  (Doc. 5.)  In allowing three (3) days for mailing, and because the due date fell on a weekend day, Respondents' submission on Monday, June 8, 2015, was timely.

corruption of the morals of a minor stemming from the forcible entry of a pool and spa store where $5,000.00 in cash was taken.

On May 28, 1999, Petitioner entered a guilty plea in the three criminal actions. He was sentenced on July 27, 1999, to consecutive terms of 5-10 years incarceration in 948-1998 and 949-1998.  He received a consecutive probationary term of 10 years in 950-1998.  (Doc. 8-1, Northumberland County Court of Common Pleas Dockets CP-49-CR-0000948; CP-49-CR-0000949; CP-49-CR-0000950.)  He did not pursue a direct appeal to the Superior Court of Pennsylvania from his conviction.

On August 15, 2000, he filed a timely petition for post-conviction relief ("PCRA") with the Northumberland County Court of Common Pleas.  (Id.)  Under the PCRA, see 42 Pa.C.S.A. § 9545(b)(1), a timely PCRA petition must be filed within one year of the defendant's sentence becoming final. On May 15, 2001, the Northumberland County Court dismissed his petition, and this dismissal was affirmed by the Superior Court of Pennsylvania on March 11, 2003.  (Doc. 8-1 at 27, 30.)  A petition for allowance of appeal was not filed with the Supreme Court of Pennsylvania.

On April 9, 2013, approximately ten years later, Petitioner filed a second PCRA petition.  After the Northumberland County Court issued a notice of intent to deny the petition without a hearing, it was denied on January 29, 2014.  In the order, Petitioner was advised of his right to file an appeal to the Pennsylvania Superior

3

Court within 30 days. On March 18, 2014, he filed a petition to appeal nunc pro tunc. On April 4, 2014, the Superior Court denied his request to appeal nunc pro tunc without prejudice to his right to seek reinstatement of his appellate rights in the trial court.

On May 5, 2014, he filed a "Notice of Appeal and Request for Transcripts" in the trial court. On May 15, 2014, he was directed to file a Pa.R.A.P. 1925(b) statement within 21 days. The statement was later filed on June 6, 2014, but was signed and mailed from the prison on May 26, 2014, within the 21-day time frame. While the trial court concluded that the statement was untimely, this decision was rejected by the Pennsylvania Superior Court, finding that Petitioner's appeal from the denial of his second PCRA to the Superior Court was timely under the prisoner mailbox rule[2] and/or because a Pa.R.A.P 1925(a) statement had been ordered.

Regardless of the fact that the Pennsylvania Superior Court found the *appeal* from the denial of Petitioner's second PCRA to be timely, the court found that the *PCRA petition itself* was untimely filed with the Northumberland County Court. The court further found that Petitioner failed to establish any arguments that could overcome the jurisdictional timeliness requirements of the PCRA. As the 2013 PCRA petition was untimely filed, the Superior Court denied relief on appeal. (Doc.

---

[2] A prisoner's mailing is deemed filed on the date it is given to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

8-2 at 1-7.) No further appeal was pursued with the Pennsylvania Supreme Court. The instant federal habeas corpus petition was filed on March 10, 2015.

**I.      Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (April 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was convicted and sentenced by the Northumberland County Court on July 27, 1999.  He did not file a direct appeal to the Pennsylvania Superior Court.  As such, his conviction became final on August 26, 1999.  The one-year federal limitations deadline commenced on this date, and expired one year later, on August 26, 2000.  Hence, the instant federal petition filed on March 10, 2015 clearly appears to be untimely.  However, the court's analysis does not end here.  Consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  On August 15, 2000, Petitioner filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act.   While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period.  Thus, a state court petition like Tinker's that is

filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.")(some internal quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001). A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

Although Petitioner timely filed his PCRA petition within the one year period, it was not filed until August 15, 2000, 354 days after his judgment of conviction became final on August 26, 1999. As such, the period of time within which he had to file a federal habeas petition became statutorily tolled at this point. After the Pennsylvania Superior Court affirmed the denial of Petitioner's PCRA petition on March 11, 2003, he then had 30 days (until April 10, 2003) within which to pursue an appeal to the Pennsylvania Supreme Court. See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). When he failed to do so, the statute of limitations for filing a federal habeas petition began to run again when the 30 day period expired. At that point, Petitioner only had 11 days remaining in the statutory period within which to file his federal habeas petition (365-354=11), by April 21, 2003. The instant petition was not filed here until March 10, 2015, and is clearly untimely.

Although Petitioner filed a second PCRA on April 9, 2013, the filing of this petition has no tolling affect on the running of the statutory period in that it was not

7

"properly filed." The petition was not properly filed in that it was found to be untimely by the state courts, and thus cannot operate to toll the running of the statute of limitations period.

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The fact that a petitioner is proceeding

8

pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.  See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003).

In addition, a court measures the extraordinary circumstances prong subjectively.  In analyzing whether the circumstances faced by a petitioner were extraordinary, "the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period."  See Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013), citing Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011)(internal citations omitted)(emphasis in original).  To obtain relief, there must be a causal connection, or nexus, between the extraordinary circumstances petitioner faced and his failure to file a timely federal petition.  See Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001), abrogated on other grounds by Saffold v. Carey, 536 U.S. 214 (2002).  A demonstration cannot be made if the petitioner, acting with reasonable diligence, could have filed a Petition on time, notwithstanding the extraordinary circumstances.  See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  Clearly, there are no justifications offered by Petitioner that could equitably toll the filing period in this case for ten (10) years.

The court rejects Petitioner's arguments of mental illness, lack of education, and effective assistance of counsel for the following reasons.  First, with respect to

9

due diligence, Petitioner waited until 354 days into the available 365 day period for pursuing PCRA relief to file his first PCRA petition. As such, he placed himself in the position of having only 11 days after he pursued all available avenues of appeal with respect to his PCRA in which to file his federal habeas petition. While he places much emphasis in his traverse on his mental condition and how it allegedly impaired his ability to proceed with due diligence, the cases relied upon in advancing this argument do not support or justify his very tardy submission of his federal habeas corpus petition. The record reveals no facts that demonstrate that he faced such "extraordinary circumstances" and that he was prevented from submitting a timely petition. Moreover, "[a]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." (See Doc. 8-2 at 7, Pa. Super. Op. dated 2/6/15 citing Commonwealth v. Fowler, 930 A.2d 586, 591 (Pa. Super. 2007).) For these reasons, the court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

**III.  Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      An appropriate order follows.